1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   MARCEL D. FORD,                          No.  1:23-cv-01602-KES-SAB (PC)

12                  Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DEFENDANT'S
13          v.                                 EXHAUSTION MOTION FOR SUMMARY
                                              JUDGMENT BE GRANTED
14   FIORI,
                                              (ECF No. 39)
15                  Defendant.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18   U.S.C. § 1983.

19          Currently before the Court is Defendant Fiori's exhaustion motion for summary judgment,

20   filed April 16, 2025.

21                                         **I.**

22                            **RELEVANT BACKGROUND**

23          This action is proceeding on Plaintiff's first amended complaint against Defendant Fiori for

24   deliberate indifference.  (ECF No. 22.)

25          Defendant filed an answer to the operative complaint on November 8, 2024.  (ECF No. 29.)

26          The discovery and scheduling order was issued on December 13, 2024.  (ECF No. 35.)

27

28

                                              1

On April 16, 2025, Defendant filed the instant exhaustion motion for summary judgment.[1] (ECF No. 39.)  Plaintiff did not file an opposition and the time to do so has passed.[2]  Local Rule 230(l).  Accordingly, Defendant's motion is deemed submitted for review.  Id.

## II.

## LEGAL STANDARD

### A.    Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."  42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.").  Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca,  747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of

---

[1] Concurrently with the motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

[2] The Court notes that on  June 18, 2025, Plaintiff's address of record was updated pursuant to a notice filed in Ford v. State of California, et al., No. 1:23-cv-01531-GSA (PC).  (ECF No. 42.)_ However, Plaintiff had previously been properly served with Defendant's motion for summary judgment on April 16, 2025.  (ECF No. 39.)

1  the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at

2  1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they

3  are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the

4  light most favorable to the plaintiff, shows he failed to exhaust.  Id.

5          **B.**       **Summary Judgment Standard**

6        Any party may move for summary judgment, and the Court shall grant summary judgment

7  if the movant shows that there is no genuine dispute as to any material fact and the movant is

8  entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino,

9  747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each

10  party's position, whether it be that a fact is disputed or undisputed, must be supported by (1)

11  citing to particular parts of materials in the record, including but not limited to depositions,

12  documents, declarations, or discovery; or (2) showing that the materials cited do not establish the

13  presence or absence of a genuine dispute or that the opposing party cannot produce admissible

14  evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may

15  consider other materials in the record not cited to by the parties, although it is not required to do

16  so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031

17  (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

18        The defendants bear the burden of proof in moving for summary judgment for failure to

19  exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available

20  administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.

21  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come

22  forward with evidence showing that there is something in his particular case that made the

23  existing and generally available administrative remedies effectively unavailable to him." Id.  "If

24  the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to

25  exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.  However,

26  "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather

27  than a jury should determine the facts." Id.

28  ///

In arriving at this Findings and Recommendation, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**III.**

**DISCUSSION**

**A.    Description of CDCR's Administrative Remedy Process**

CDCR provides an administrative grievance process for prisoners in accordance with Title 15 of the California Code of Regulations. (UF 4.) This process was available to Plaintiff at all times between May 17, 2023, (the date Plaintiff arrived to KVSP) and November 14, 2023, (the date Plaintiff filed his original complaint). (UF 5.)

As of June 1, 2020, a prisoner is required to follow procedures set forth in California Code of Regulations, Title 15, sections 3480-3487 when submitting a grievance. (UF 4.) The administrative grievance process has two levels of review—a review at the institutional level with the Office of Grievances (OOG) and a review at the Office of Appeals (OOA) in Sacramento. (Id.) This process requires the prisoner to submit a Form 602-1 to the OOG at the institution where the prisoner is housed within 60 days of the date the prisoner knew or should have known of the adverse policy, decision, action, condition, or omission. (UF 5); Cal. Code Regs., tit. 15, §§ 3482(a)(1), (b)(1).) A prisoner's grievance must describe all information known and available regarding the claim, including key dates and times, names and titles of all involved staff (or descriptions of those staff members), and names and titles of all witnesses to the best of the claimant's knowledge. (UF 6); Cal. Code Regs., tit. 15 § 3482(c)(1). If the prisoner is unsatisfied with the institutional OOG decision, he may submit an appeal (CDCR Form 602-2) to the OOA within 60 days of discovering the decision by the OOG. (UF 7); Cal. Code Regs., tit. 15 § 3484(b)(1). A final decision by the OOA is required to exhaust a grievance. (Id.)

///

1

**B.      Allegations of Complaint**

2      Plaintiff arrived at Kern Valley State Prison (KVSP) on or about May 17 or May 18,

3   2023, and had to lock it up and away from other inmates due to a "R" suffix on his record as well

4   as a couple of old toxic relationships.  Plaintiff told officer Fiori many times that he was in need

5   of clothes and linens and he could not leave the unit due to safety concerns.  However, officer

6   Fiori did not assist Plaintiff and said he must go to yard and get the laundry himself.  Plaintiff did

7   not leave his cell at all unless he was under the safety and security of escorting staff.  Plaintiff did

8   not shower or go to medical, dayroom or yard for any reason.  Plaintiff "froze" from the cold

9   weather as well as from the cold that entered the cell through the vents and air conditioner unit.

10   Plaintiff did not receive laundry from May 18, 2023 to June 7, 2023, and then from June 7, 2023

11   to July 5, 2023.  Officer Fiori was a regular in the building and was completely aware of

12   Plaintiff's dangerous situation but would not assist him.

13      KVSP conducted an investigation into Plaintiff's safety concerns and through

14   documentation substantiated his claim.

15

**C.      Statement of Undisputed Facts[3]**

16      1.      At all times relevant to the allegations in the FAC, Plaintiff Marcel D. Ford was

17   incarcerated at Kern Valley State Prison (KVSP).  (ECF No. 12.)

18      2.      Defendant Officer Fiori was employed as a Correctional Officer at KVSP at the

19   time of the alleged events and worked in the D-Unit as a floor officer.  (ECF No. 29 at 2:8-10.)

20      3.      CDCR has an administrative grievance process that is available to all inmates at

21   KVSP. This process was available to all inmates in 2023, when the alleged events in this case

22   occurred, and is currently available to all inmates.  (ECF No. 12 at 2; Moseley Decl. ¶ 6; Garcia

23   Decl. ¶ 3.)

24      4.      As of June 1, 2020, an inmate is required to follow procedures set forth in

25   California Code of Regulations, Title 15, sections 3480-3487 when submitting a grievance. The

26   administrative grievance process has two levels of review—a review at the institutional level with

27   the Office of Grievances (OOG) and a review at the Office of Appeals (OOA) in Sacramento.

28   _____

[3] Hereinafter referred to "UF."

1    (Garcia Decl. ¶ 4; Moseley Decl. ¶ 6.)

2        5.    This process requires the inmate to submit a Form 602-1 to the OOG at the prison

3    where the inmate is housed within 60 days of the date the prisoner knew or should have known of

4    the adverse policy, decision, action, condition, or omission.  (Garcia Decl. ¶ 4; Cal. Code Regs.,

5    tit. 15, §§ 3482(a)(1), (b)(1) (2024).)

6        6.    An inmate's grievance must specify each claim and the relief requested, and name

7    all involved staff members and describe their alleged conduct.  (Garcia Decl. ¶ 4; Cal. Code

8    Regs., tit. 15 § 3482(c)(2) (2024).)

9        7.    If the inmate is unsatisfied with the institutional OOG decision, they may submit

10   an appeal (CDCR Form 602-2) to the OOA within 60 days of discovering the decision by the

11   OOG. A final decision by the OOA is required to exhaust an inmate grievance.  (Garcia Decl. ¶ 4;

12   Moseley Decl. ¶¶ 4-5; Cal. Code Regs., tit. 15 § 3484(b)(1) (2024).)

13       8.    Between May 17, 2023 (the date of the alleged events), through November 14,

14   2023 (the date Plaintiff filed this lawsuit), the Office of Grievances received two grievances that

15   were relevant to the allegations in Plaintiff's complaint, but did not mention Officer Fiori:

16   Grievance Log Nos. 416333 and 459162.  (Garcia Decl. ¶¶ 7-10.)

17       9.    In Grievance Log No. 416333, received by the OOG on June 27, 2023, Plaintiff

18   alleged that he had not received a towel, pillowcase, and extra blanket or sheet since he arrived to

19   KVSP on May 18, 2023. Plaintiff complained that he attempted to get the proper state clothing

20   twice, but "the officer in C-2" told him not to worry about it. Plaintiff further complained that he

21   told this officer that he was so cold in his cell. There was no mention of Officer Fiori.  (Garcia

22   Decl. ¶ 9, Ex. B.)

23       10.   Plaintiff appealed the decision to the OOA. In Appeal Log No. 416333 (an appeal

24   of Grievance Log No. 416333), Plaintiff alleged that upon arrival at KVSP, Plaintiff only

25   received one blanket, one sheet, and other bedding on July 5, 2023, due to improper conduct in

26   the laundry unit on Facility C. Plaintiff made no reference to Defendant Fiori in this appeal. The

27   OOA granted this appeal on October 1, 2023.  In the Appeal Log No. 416333 decision, the OOA

28   granted the appeal and instructed the KVSP OOG to open a new grievance log number because

the OOG did not provide supporting documentation to substantiate that Plaintiff received the clothing and linens on July 5, 2023.  (Moseley Decl. ¶ 9, Ex. 3.)

11.     Grievance Log No. 459162, received by the OOG on October 4, 2023, was opened by the OOG at the request of the OOA's response to Appeal Log No. 416333. In the Grievance Log No. 459162 OOG decision, the OOG referred to "Grievance Log# 460149." This was a clerical error. Grievance Log No. 460149 belongs to another inmate, not Plaintiff. The correct grievance considered by the OOG in this decision was Grievance Log No. 416333.  (Garcia Decl. ¶ 10, Ex. C.)

12.     Plaintiff appealed the Grievance Log No. 459162 decision. In Appeal Log No. 459162, Plaintiff alleged that on November 5, 2023, Plaintiff asked an officer for compensation for missing items while on C and D yards. Plaintiff also attached an inmate request for interview form in which Plaintiff alleged that Plaintiff put the laundry unit and program office on Facility C on notice regarding the issue. Plaintiff made no reference to Officer Fiori in this appeal. Appeal Log No. 459162 (an appeal of Grievance Log No. 459162) was denied on January 24, 2024. (Moseley Decl. ¶ 10, Ex. 4.)

13.     Other than Appeal Log Nos. 416333 and 459162, the OOA located no other appeals submitted by Plaintiff regarding or related to the relevant allegations.  (Moseley Decl. ¶ 11.)

14.     Between May 17, 2023 (the date of the alleged events), through November 14, 2023 (the date Plaintiff filed this lawsuit), the Office of Grievances received four grievances that mention Officer Fiori, but do not mention the relevant allegations: Grievance Log Nos. 470241, 468345, 458793, and 405908.  (Garcia Decl. ¶¶ 11-15.)

15.     In Grievance Log No. 470241, received by the OOG on October 26, 2023, Plaintiff alleged that he had not received a tablet, charger, earbuds, or a quarterly package he ordered since arriving to KVSP on May 17, 2023. Plaintiff also claimed that "[he was] not in ASU for any… wrong doings so all [he sees] from here regarding the lawsuit against Officer Fiori on the D yard here at KVSP (D6) 3rd watch the legal duty breach regarding the state of CA, or city of Delano County of Kern [sic] [.]" However, there was no mention of the relevant allegations.  (Garcia

1    Decl. ¶ 12, Ex. D.)

2        16.    In Grievance Log No. 468345, received on October 23, 2023, Plaintiff alleged that

3    Officer Fiori mishandled all of Plaintiff's Office of Appeals responses on unspecified dates.

4    However, there was no mention of the relevant allegations.  (Garcia Decl. ¶ 13, Ex. E.)

5        17.    In Grievance Log No. 458793, received on October 3, 2023, Plaintiff alleged that

6    he submitted a staff misconduct grievance regarding Officer Fiori, but "all due process steps were

7    overlooked and never taking the investigation was one sided and extremely bias [sic]" on an

8    unspecified date. However, there was no mention of the relevant allegations.  (Garcia Decl. ¶ 14,

9    Ex. F.)

10        18.    In Grievance Log No. 405908, received on May 31, 2023, Plaintiff alleged that

11    Officer Fiori gave two of Plaintiff's grievances to another inmate on an unspecified date,

12    violating his rights under the Eighth Amendment. However, there was no mention of the relevant

13    allegations.  (Garcia Decl. ¶ 15, Ex. G.)

14        19.    Other than the grievances described, a review of the SOMS database indicates that

15    no other relevant grievances were received and/or submitted at KVSP by Plaintiff between May

16    17, 2023, and November 14, 2023.  (Garcia Decl. ¶ 16.)

17        20.    The OOA located other appeals received by the OOA from Plaintiff during the

18    relevant time period, but they did not contain any of the relevant allegations: Log Nos. 402207,

19    403774, 403403, 421926, 433617, 435395, 436559, and 443084.  (Moseley Decl. ¶ 12.)

20        **D.    Analysis of Defendant's Motion**

21        Defendant argues that Plaintiff submitted six relevant grievances, but each grievance

22    failed to identify Fiori or failed to provide sufficient information to notify the institution of

23    Plaintiff's deliberate indifference claim.

24        As an initial matter, it is undisputed that CDCR has an administrative grievance process

25    that is available to all inmates at KVSP. This process was available to all inmates in 2023, when

26    the alleged events in this case occurred, and is currently available to all inmates.  (UF 3; ECF No.

27    12 at 2.)

28    ///

8

Further, it is undisputed that Between May 17, 2023 (the date of the alleged events), through November 14, 2023 (the date Plaintiff filed this lawsuit), the Office of Grievances received two grievances that were relevant to the allegations in Plaintiff's complaint, but did not mention Officer Fiori: Grievance Log Nos. 416333 and 459162.[4]  (UF 8.)

Other than Appeal Log Nos. 416333 and 459162, the OOA located no other appeals submitted by Plaintiff regarding or related to the relevant allegations.  (UF 13.)

Between May 17, 2023 (the date of the alleged events), through November 14, 2023 (the date Plaintiff filed this lawsuit), the Office of Grievances received four grievances that mention Officer Fiori, but do not mention the relevant allegations: Grievance Log Nos. 470241, 468345, 458793, and 405908.  (UF 14.)

Other than the grievances described, a review of the SOMS database indicates that no other relevant grievances were received and/or submitted at KVSP by Plaintiff between May 17, 2023, and November 14, 2023.  (UF 19.)  The OOA located other appeals received by the OOA from Plaintiff during the relevant time period, but they did not contain any of the relevant allegations: Log Nos. 402207, 403774, 403403, 421926, 433617, 435395, 436559, and 443084. (UF 20.)

1.    Log Nos. 416333 and 459162 Failed to Mention Officer Fiori

In Grievance Log No. 416333, received by the OOG on June 27, 2023, Plaintiff alleged that he had not received a towel, pillowcase, and extra blanket or sheet since he arrived to KVSP on May 18, 2023. Plaintiff complained that he attempted to get the proper state clothing twice, but "the officer in C-2" told him not to worry about it. Plaintiff further complained that he told this officer that he was so cold in his cell. There was no mention of Officer Fiori.  (UF 9.)  Plaintiff appealed the decision to the OOA. In Appeal Log No. 416333 (an appeal of Grievance Log No.

---

[4] Although Plaintiff filed a first amended complaint on December 24, 2023 (with application of the mailbox rule), the SOMS history report for Plaintiff reflects that he filed a grievance while located at Pleasant Valley State Prison on November 30, 2023.  However, Plaintiff did not file another grievance at KVSP until December 28, 2023.  See Saddozai v. Davis, 35 F.4th 705, 708 (9th Cir. 2002) (exhaustion satisfied as long as prisoner completes process before operative amended complaint is filed).  Plaintiff has presented no evidence demonstrating that he continued to pursue his remedies and completed them before filing the first amended complaint.

416333), Plaintiff alleged that upon arrival at KVSP, Plaintiff only received one blanket, one sheet, and other bedding on July 5, 2023, due to improper conduct in the laundry unit on Facility C. Plaintiff made no reference to Defendant Fiori in this appeal. The OOA granted this appeal on October 1, 2023.  In the Appeal Log No. 416333 decision, the OOA granted the appeal and instructed the KVSP OOG to open a new grievance log number because the OOG did not provide supporting documentation to substantiate that Plaintiff received the clothing and linens on July 5, 2023.  (UF 10.)  Plaintiff received and accepted the items during open line at facility C's laundry. (Garcia Decl., Ex. C.)   Plaintiff did not mention Officer Fiori in this grievance, nor does Plaintiff allege that Officer Fiori even worked in facility C-2. (UF 9.)  Accordingly, this grievance did not alert KVSP about Plaintiff's alleged attempts to request assistance from Officer Fiori to obtain the linens and laundry items. The KVSP OOG response to this grievance shows that it was unaware that Plaintiff's allegations involved Officer Fiori at all. Thus, Plaintiff cannot argue that this grievance put KVSP on notice that Officer Fiori was deliberately indifferent to Plaintiff's missing clothes or linens and his inability of obtain the items from laundry.

Grievance Log No. 459162, received by the OOG on October 4, 2023, was opened by the OOG at the request of the OOA's response to Appeal Log No. 416333. In the Grievance Log No. 459162 OOG decision, the OOG referred to "Grievance Log# 460149." This was a clerical error. Grievance Log No. 460149 belongs to another inmate, not Plaintiff. The correct grievance considered by the OOG in this decision was Grievance Log No. 416333.  (UF 11.)  The OOG opened Grievance Log No. 459162 and addressed the issues raised by the OOA decision. (Garcia Decl. ¶ 10.)  Grievance Log No. 459162 was granted by the OOG. (Garcia Decl., Ex. C.) This time, the OOG reviewed a relevant satisfaction form. (Id.)  Plaintiff appealed the Grievance Log No. 459162 decision. In Appeal Log No. 459162, Plaintiff alleged that on November 5, 2023, Plaintiff asked an officer for compensation for missing items while on C and D yards. Plaintiff also attached an inmate request for interview form in which Plaintiff alleged that Plaintiff put the laundry unit and program office on Facility C on notice regarding the issue. Plaintiff made no reference to Officer Fiori in  this appeal. Appeal Log No. 459162 (an appeal of Grievance Log No. 459162) was denied on January 24, 2024.  (UF 12.)

1    Prison regulations require the claimant to include a description of all information known

2    and available to the claimant regarding the claim, including "… names and titles of all involved

3    departmental staff (or a description of those staff)[.]" Cal. Code Regs. tit. 15, § 3482(c)(1). For

4    administrative remedies to be exhausted by California prisoners as to defendants who were not

5    identified in the grievance, there must be a "sufficient connection" between the claim in the

6    grievance and the unidentified defendants such that prison officials can be said to have had

7    "notice of the alleged deprivation" and an "opportunity to resolve it." See Reyes v. Smith, 810

8    F.3d 654, 659 (9th Cir. 2016) (finding that a prisoner's grievance notified the institution despite

9    not identifying defendant doctors because there was sufficient connection between plaintiff's

10   alleged inadequate pain management and the defendant who served on the pain management

11   committee).

12   Here, Plaintiff's grievances did not mention Officer Fiori.  Any argument that Plaintiff did

13   not know Officer Fiori's name prior to Log Nos. 41633 and 459162 is without merit, because

14   Plaintiff identified Officer Fiori in a prior grievance (log no. 405908) based on unrelated

15   allegations submitted nearly a month before. (DUF 9, 18.)  Thus, it is clear Plaintiff knew who

16   Officer Fiori was, but did not name him in Grievance Log Nos. 416333 or 459162.  There is

17   nothing in these grievances to alert prison officials that Officer Fiori was personally involved in

18   or even informed of Plaintiff's missing laundry and linens. Further, Appeal Log No. 45162 was

19   denied on January 24, 2024, months after Plaintiff had already filed the original complaint in this

20   matter on November 14, 2023, and the first amended complaint on December 29, 2023.

21   Therefore, although Plaintiff appealed Log Nos. 416333 and 45162, he failed to identify Officer

22   Fiori, making the grievances insufficient to exhaust the claim against Officer Fiori.

23   2.    Log Nos. 470241, 468345, 458793, and 405908 Mentioned Officer Fiori But Are

24         Unrelated to the Allegations in This Lawsuit

25   As previously stated, this action proceeds on Plaintiff's claim that officer Fiori knew of

26   Plaintiff's safety concerns and that he was missing linens and laundry items, but did not help

27   Plaintiff obtain them.

28   ///

11

1    In Grievance Log No. 470241, received by the OOG on October 26, 2023, Plaintiff

2 alleged that he had not received a tablet, charger, earbuds, or a quarterly package he ordered since

3 arriving to KVSP on May 17, 2023. Plaintiff also claimed that "[he was] not in ASU for any…

4 wrong doings so all [he sees] from here regarding the lawsuit against Officer Fiori on the D yard

5 here at KVSP (D6) 3rd watch the legal duty breach regarding the state of CA, or city of Delano

6 County of Kern [sic] [.]" However, there was no mention of the relevant allegations.  (UF 15.)

7    In Grievance Log No. 468345, received on October 23, 2023, Plaintiff alleged that Officer

8 Fiori mishandled all of Plaintiff's Office of Appeals responses on unspecified dates. However,

9 there was no mention of the relevant allegations.  (UF 16.)

10    In Grievance Log No. 458793, received on October 3, 2023, Plaintiff alleged that he

11 submitted a staff misconduct grievance regarding Officer Fiori, but "all due process steps were

12 overlooked and never taking the investigation was one sided and extremely bias [sic]" on an

13 unspecified date. However, there was no mention of the relevant allegations.  (UF 17.)

14    In Grievance Log No. 405908, received on May 31, 2023, Plaintiff alleged that Officer

15 Fiori gave two of Plaintiff's grievances to another inmate on an unspecified date, violating his

16 rights under the Eighth Amendment. However, there was no mention of the relevant allegations.

17 (UF 18.)

18    Plaintiff did not identify missing laundry and linens as the grieved-of conduct in any of

19 the four grievances in which he named Officer Fiori. Thus, Plaintiff did not put KVSP on notice

20 of Officer Fiori's alleged role in Plaintiff's missing linens and laundry.

21    Although Plaintiff's first amended complaint states that he exhausted the administrative

22 remedies, Plaintiff did not file an opposition and the evidence presented by Defendant Fiori

23 demonstrates that he did not properly exhaust his deliberate indifference claim.  Accordingly,

24 Plaintiff has failed to meet his burden in demonstrating that there is something in his particular

25 case that made the existing and generally available administrative remedies effectively

26 unavailable to him. Albino, 747 F.3d at 1172.  Therefore, Defendant's motion for summary

27 judgment should be granted, and the instant action should be dismissed, without prejudice.

28 ///

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendant's motion for summary judgment for failure to exhaust the
administrative remedies be granted; and

2.    The instant action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2025**                                                                    

STANLEY A. BOONE
United States Magistrate Judge