**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCEL D. FORD,<br><br>                     Plaintiff,<br><br>      v.<br><br>FIORI,<br><br>                     Defendant. | Case No. 1:23-cv-01602 KES SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINSTRATIVE REMEDIES, DISMISSING ACTION WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 39, 43 |

Marcel Ford asserts that while incarcerated at Kern Valley State Prison ("KSVP"), correctional officer Fiori violated his civil rights arising under the Eighth Amendment. Doc. 12; *see also* Doc. 21. Fiori moved for summary judgment, asserting that Ford "failed to exhaust available administrative remedies as to his sole deliberate indifference claim … as required under the Prison Litigation Reform Act." Doc. 39 at 1. Ford did not oppose the motion. The matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge found it undisputed that there was an administrative grievance procedure available to all inmates at KSVP, including during the relevant time. Doc. 43 at 5, 8. The magistrate judge observed that in the period between the alleged events on May 17, 2023, and the filing of the complaint on November 14, 2023, "the Office of Grievances received two grievances that were relevant to the allegations" in the pending matter. *Id.* at 9. But the

1

magistrate judge found the two identified grievances, log nos. 416333 and 459162, did not mention Officer Fiori. *Id.* at 9-11. The magistrate judge found "nothing in these grievances to alert prison officials that Officer Fiori was personally involved," and concluded the grievances were "insufficient to exhaust the claim against Officer Fiori." *Id.* at 11. The magistrate judge also noted Ford could not argue he was unaware of the officer's name, because Ford "identified Officer Fiori in a prior grievance (log no. 405908) based on unrelated allegations submitted nearly a month before." *Id*. The magistrate judge found other grievances were likewise insufficient to satisfy the exhaustion requirement, because they were "unrelated to the allegations in this lawsuit." *Id.* (emphasis omitted). The magistrate judge recommended the Court grant summary judgment and dismiss the action without prejudice. *Id.* at 13.

On June 27, 2025, the Court served the findings and recommendations on all parties and notified them that any objections were due within 14 days. Doc. 43 at 13. The Court also advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Ford filed timely objections on July 8, 2025, to which Fiori filed a response on July 22, 2025. Docs. 44, 45.

In the objections, Ford recounts the underlying allegations. Doc. 44 at 3-7. Ford asserts his grievance history shows that he "did in fact exhaust the administrative remedies." *Id.* at 2. Ford acknowledges that he "may not have mentioned Fiori in the two grievances that were relevant to [the] complaint," but he argues that omission was "a minor mistake" and does not matter. *Id.* at 5.

Contrary to Ford's assertions, the lack of any information in Ford's grievances to identify Fiori shows that Ford did not exhaust his administrative remedy as to his current claim against Fiori, particularly as the record of a prior, unrelated grievance shows that Ford was aware of Fiori's name and identity. To exhaust administrative remedies, a grievance must provide sufficient information to identify specific staff—whether by name or other information—and provide notice of the nature of the wrong alleged by that prison staff member. *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016); *see also Jones v. Bock,* 549 U.S. 199, 219 (2007). The undisputed evidence shows Ford failed to satisfy this requirement with grievance log nos. 416333

2

and 459162.  Ford fails to identify any legal error in the magistrate judge's analysis or otherwise identify evidence to dispute the findings.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case.  After carefully reviewing the file, including the objections and the response thereto, the Court concludes the findings and recommendations are supported by the record and proper analysis.

The Court **ORDERS**:

1.  The findings and recommendations issued on June 27, 2025 (Doc. 43) are **ADOPTED** in full.

2.  Defendant Fiori's motion for summary judgment for failure to exhaust the administrative remedies (Doc. 39) is **GRANTED**.

3.  This action is **DISMISSED** without prejudice for failure to exhaust the administrative remedies.

4.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   March 30, 2026

_____
UNITED STATES DISTRICT JUDGE